**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re: ) | |
| ) | |
| **GLYN NEAL OWEN,** ) | Case #24-10897-BFK |
| ) | **(Chapter 13)** |
| **Debtor.** ) | |
| _____ ) | |

## OBJECTION TO CHAPTER 13 PLAN AND RELATED MOTIONS

CGH Technologies, Inc. ("CGH"), a creditor in the above-captioned case, by counsel, hereby objects to the Debtor's Chapter 13 Plan And Related Motions (Doc 2) (the "Plan") that he filed in this case on May 13, 2024, on the grounds set forth herein.

Background

The Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on May 13, 2024 (the "Petition Date"). Among the Debtor's assets, as reported on Schedule A/B are a single-family residence located at 1131 Tournai Ct., Woodbridge, VA 22191 (the "Home") and checking and savings accounts at Bank of America (the "Bank Accounts").

On October 12, 2023, CGH Technologies, Inc. obtained a judgment against the Debtor in the D.C. Superior Court in the amount of $928,726, plus interest accruing thereafter, which was docketed as a lien against the Home on November 29, 2023 in the Circuit Court of Prince William County, Virginia as Instrument #202311290061212. CGH is also secured by a writ of fi. fa. issued against the Bank Accounts, which was the subject of a prepetition garnishment summons directed to Bank of America.

Argument

For the reasons set forth below, the Court should deny confirmation of the Plan on the following grounds:

1. CGH hereby adopts and incorporates herein the Trustee's objections under 11 U.S.C. §§ 1325(a)(3) & (a)(4) regarding lack of good faith and failure to satisfy the liquidation test, as set forth in the Trustee's Objection filed on June 24, 2024 (Doc 12).

2. Besides the Debtor's fraudulent transfer of real estate to his spouse and his omission from the bankruptcy schedules of the North Carolina real estate he owns, as referenced in the Trustee's Objection, CGH also notes that the Debtor disclosed that the Bank Accounts held $0 on the Petition Date, Sch. A/B #17.1, when they actually held $13,601.80. Exh. 1. The Debtor's dramatic understatement of the balances in the Bank Accounts provides further grounds for denying confirmation of the Plan for lack of good faith and failure to satisfy the liquidation test.

3. Notwithstanding that CGH is secured by a judicial lien against the Home and a writ of fi. fa. against the Bank Accounts, the Plan fails to provide for its secured claim as required by § 1325(a)(5) of the Code. Specifically, in order to retain the Home and Bank Accounts, § 1325(a)(5)(B) would require the Debtor to pay CGH's secured claims in full, with interest, in equal monthly payments during the 60-month term of the Plan.

WHEREFORE, CGH Technologies, Inc. requests that this Court sustain this Objection, deny confirmation of the Plan, and grant such other and further relief as it deems just and appropriate.

CGH TECHNOLOGIES, INC.
By counsel

/s/Steven B. Ramsdell
Steven B. Ramsdell, VA Bar #33222
Tyler, Bartl & Ramsdell, P.L.C.
300 N. Washington St., Suite 310
Alexandria, VA 22314
(703) 549-5003

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024 a true copy of the foregoing Objection was served on all parties registered to receive service through the Court's ECF system and was mailed first-class, postage prepaid, to the following:

Glyn Neal Owen
1131 Tournai Ct.
Woodbridge, VA 22191

Office of the United States Trustee
1725 Duke St. Suite 650
Alexandria, VA 22314

/s/Steven B. Ramsdell
Steven B. Ramsdell