UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| GLYN NEAL OWEN, ) | Case #24-10897-BFK |
| ) | (Chapter 13) |
| Debtor. ) | |
| ) | |

## OBJECTION TO MODIFIED CHAPTER 13 PLAN AND RELATED MOTIONS

CGH Technologies, Inc. ("CGH"), a creditor in the above-captioned case, by counsel, hereby objects to the Debtor's modified Chapter 13 Plan And Related Motions (Doc 25) (the "Plan") that he filed in this case on August 15, 2024, on the grounds set forth herein.

Background

The Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on May 13, 2024 (the "Petition Date"). Among the Debtor's assets, as reported on Schedule A/B were a single-family residence located at 1131 Tournai Ct., Woodbridge, VA 22191 (the "Home") and checking and savings accounts at Bank of America (the "Bank Accounts") reflecting balances of $0. On July 30, 2024, the Debtor filed an amended Schedule A/B (DOC 21) with this Court, reflecting combined balances of $6.96 in the Bank Accounts. As set forth in the letter attached hereto as Exhibit 1, the Bank Accounts actually held $13,601.80 as of the Petition Date.

The amended Schedule A/B also disclosed for the first time that the Debtor–jointly with "another"–owns real estate in Carthage, NC (the "NC Property) and valued his half-interest therein at $75,000. As set forth on the Non-Warranty Deed attached hereto as Exhibit 2, it appears that the co-owner of the NC Property is the Debtor's wife Delise Owen, and that the

Debtor transferred the NC Property from his sole ownership to joint marital ownership on February 15, 2021.

On October 12, 2023, CGH obtained a judgment against the Debtor in the D.C. Superior Court in the amount of $928,726, plus interest accruing thereafter (the "Judgment"). The Judgment resulted from a lawsuit that CGH filed against the Debtor in that court on March 26, 2020. The Judgment was docketed as a lien against the Home on November 29, 2023 in the Circuit Court of Prince William County, Virginia as Instrument #202311290061212. CGH is also secured by a writ of fi. fa. issued against the Bank Accounts, which was the subject of a prepetition garnishment summons directed to Bank of America.

On September 18, 2024, CGH filed an amended proof of claim reflecting its claim in the amount of $1,181,651.07 as of the Petition Date, of which $426,765.70 is secured by the equity in the Home and $13,601.80 is secured by the balances in the Bank Accounts.

Argument

For the reasons set forth below, the Court should deny confirmation of the Plan on the following grounds:

1. CGH hereby adopts and incorporates herein the Trustee's Objections, filed on September 12, 2024 (Doc 27), under 11 U.S.C. §§ 1325(a)(3) & (a)(6) regarding lack of good faith and lack of feasibility.

2. The Plan fails to satisfy the liquidation test of 11 U.S.C. § 1325(a)(4). The Debtor's amended Schedule A/B discloses that his half-interest in the NC Property is worth $75,000. Not only did the Debtor fail to disclose this property on his bankruptcy schedules in the first instance, he had also transferred it to his wife prepetition while CGH's lawsuit was pending against him.

Such transfer constitutes a fraudulent conveyance under 11 U.S.C. § 544(b). As a result, the liquidation test must account for the avoidability of that transfer in a hypothetical Chapter 7 liquidation, and 100% of its value rather than merely 50% must be accounted for in Chapter 13 for a plan to be confirmable.

    3. Regarding lack of good faith, the Debtor fraudulently transferred the NC Property to his spouse prepetition, omitted that property from the bankruptcy schedules altogether in the first instance, and understated the balances in the Bank Accounts in both the original and amended bankruptcy schedules. As such, the Debtor cannot confirm a plan in this case, and CGH therefore supports the Trustee's pending Motion To Dismiss, filed on June 24, 2024 (Doc 14).

    4. Notwithstanding that CGH is secured by a judicial lien against the Home and a writ of fi. fa. against the Bank Accounts, the Plan fails to provide for its secured claim as required by § 1325(a)(5) of the Code. Specifically, in order to retain the Home and Bank Accounts, § 1325(a)(5)(B) would require the Debtor to pay CGH's secured claims in full, with interest at 6%, in equal monthly payments during the 60-month term of the Plan. Alternatively, the balances in the Bank Accounts totaling $13,601.80 could be surrendered under § 1325(a)(5)(C) in satisfaction of that portion of CGH's secured claim.

    WHEREFORE, CGH Technologies, Inc. requests that this Court sustain this Objection, deny confirmation of the Plan, and grant such other and further relief as it deems just and appropriate.

CGH TECHNOLOGIES, INC.
By counsel

/s/Steven B. Ramsdell
Steven B. Ramsdell, VA Bar #33222
Tyler, Bartl & Ramsdell, P.L.C.
300 N. Washington St., Suite 310
Alexandria, VA 22314
(703) 549-5003

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 18, 2024 a true copy of the foregoing Objection was served on all parties registered to receive service through the Court's ECF system and was mailed first-class, postage prepaid, to the following:

Glyn Neal Owen
1131 Tournai Ct.
Woodbridge, VA 22191

Office of the United States Trustee
1725 Duke St. Suite 650
Alexandria, VA 22314

                                                  /s/Steven B. Ramsdell
                                                  Steven B. Ramsdell